

Squire Patton Boggs (US) LLP
1211 Avenue of the Americas, 26th Floor
New York, New York 10036

O   +1 212 872 9800
F   +1 212 872 9815
squirepattonboggs.com

Adam R. Fox
T   +212 872 9864
adam.fox@squirepb.com

June 10, 2022

**VIA CM/ECF**

Honorable P. Kevin Castel
United States District Judge
United States District Court for
The Southern District of New York
500 Pearl Street
New York, New York 10007

> Submit direct testimony by affidavit of all witnesses within plaintiff's control that it intends to call at the Inquest (see Individual Practices at 6D(i)&(iii)) by July 12, 2022 together with a trial brief and proposed findings. Inquest will be held on July 14, 2022 at 10:30 a.m.
> SO ORDERED.
> Dated: 6/29/2022
>
> _____
> P. Kevin Castel
> United States District Judge

Re:   *Yakult U.S.A. Inc. v. R. R. Importaciones Inc.*, Case No. 22-cv-01826(PKC): Response to Order Regarding Yakult U.S.A. Inc.'s Request for an Inquest (D.E. 25)

Dear Judge Castel,

This letter serves as Plaintiff Yakult U.S.A. Inc.'s ("YUSA") response to the Court's Order issued on June 3, 2022 (D.E. 25) requesting that YUSA "explain why an inquest is necessary [and w]hat will YUSA know more at the inquest than it knows now."

YUSA respectfully submits that an inquest is necessary to allow it to submit specific factual evidence to support its proposed award of damages. Under Section 43(a) of the Lanham Act, YUSA is entitled "to recover (1) [Defendant R. R. Importaciones' ("Defendant")] profits, (2) any damages sustained by [it], and (3) the costs of the action" for Defendant's unauthorized importation, distribution, and sale of Yakult probiotic beverages. 15 U.S.C.S. § 1117(a). In "exceptional cases" such as this, a Court "may award reasonable attorney fees to the prevailing party." *Id.*

Defendant's refusal to respond to this lawsuit and engage in discovery has prevented YUSA from obtaining information about Defendant's profits from its unlawful conduct.[1] In such situations, where a "defendant's default prevents use of the first and third modes of recovery, the Court will focus on the second mode of recovery in Section 1117(a)," *i.e.*, damages sustained by the plaintiff. *Strippit, Inc. v. Coffee*, No. 09-CV-509A, 2009 U.S. Dist. LEXIS 99996, at *8 (W.D.N.Y. Oct. 27, 2009). "'Damages from trademark or trade dress infringement are often hard to establish,' at least in part 'due to the inherent difficulty in isolating the causation behind diverted sales and injured reputation.'" *Hilton v. Int'l Perfume Palace, Inc.*, No. CV 12-5074 (JFB) (GRB), 2013 U.S. Dist.

---

[1] YUSA has contacted Yakult S.A. de C.V. ("Yakult Mexico") in an attempt to ascertain Defendants' illicit profits; however, Yakult Mexico did not have any information about Defendant because Defendant does not purchase unauthorized Yakult directly from Yakult Mexico.

Squire Patton Boggs (US) LLP<br>June 10, 2022

LEXIS 150278, at *18 (E.D.N.Y. Sep. 2, 2013) (quoting *George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532, 1539 (2d Cir. 1992)). Where "it is difficult to determine lost sales caused by infringing conduct, . . . the Court may 'engage in some degree of speculation in computing the amount of damages, particularly when the inability to compute them is attributable to the defendant's wrongdoing." *Victoria Cruises, Inc. v. Yangtze Cruises, Inc.*, 630 F. Supp. 2d 255, 262 (E.D.N.Y. 2008) (quoting *PPX Enters., Inc. v. Audiofidelity Enters.*, 818 F.2d 266, 271 (2d Cir. 1987)). "Any doubts regarding the amount of damages must be resolved against the infringer." *Victoria Cruises*, 630 F. Supp. 2d at 262. If granted an inquest, YUSA intends to submit evidence of its average profit per store as well as the timeframe the infringing Yakult probiotic beverages were being sold to provide a reasonable estimate of its lost profit. *See Hilton,* No. CV 12-5074 (JFB) (GRB), 2013 U.S. Dist. LEXIS 150278, at *19-21 (basing damages on the average profit plaintiffs would have earned if consumers bought their product instead of the infringing product where "the record support[ed] the finding that defendant engaged in substantial distribution of infringing product, and that this infringement impacted plaintiffs' bottom line" even though "[p]laintiffs [did] not claim[], much less demonstrate[], a decline in revenues corresponding to defendant's entry into the marketplace").

Additionally, this is an exceptional case where the Court should award reasonable attorneys' fees. *See* 15 U.S.C.S. § 1117(a). As discussed in YUSA's Memorandum of Law in support of its Motion for Default Judgment ("Motion"), Defendant ignored YUSA's letters demanding that Defendant cease and desist from its infringing conduct and explaining the potential consequences of its actions. Motion (D.E. 21) at 12-13; Complaint (D.E. 1), Exh. A. Defendant is a serial gray market importer and has been sued on at least three other occasions for such activities, further demonstrating Defendant's willful and blatant disregard of the consequences of its actions. Motion (D.E. 21) at 12-13. Accordingly, YUSA seeks the opportunity to submit records of its attorneys' fees for prosecuting this action.

For the foregoing reasons, YUSA respectfully requests an inquest so that it may submit evidence of its average profit per store and the timeframe the infringing Yakult probiotic beverages were found for sale, as well as records of the attorneys' fees it incurred in prosecuting this action.

Respectfully submitted,

Squire Patton Boggs (US) LLP

s/ Adam R. Fox
Adam R. Fox

*Attorneys for Plaintiff Yakult U.S.A. Inc.*