UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
YAKULT U.S.A. INC.,

                        Plaintiff,                              22-cv-1826(PKC)

          -against-                                    ORDER

R.R. IMPORTACIONES INC., et al,

                    Defendants.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

        The actions of Yakult U.S.A. Inc. ("Yakult") remain perplexing. Inquests are rare unless the *defaulting party* seeks to be heard on the issue of damages, which is not the case, or the damages turn on facts that are highly subjective such as an injured party's degree of conscious pain and suffering, which is also not the case.

        In response to this Court's Order of June 3, 2022 inquiring why an inquest is necessary, Yakult states that it is "so that it may submit evidence of its average profit per store and the timeframe the infringing Yakult probiotic beverages were found for sale." (Doc 26 at 2.) The response does not explain why such evidence could not be provided in affidavit form or through other documentary evidence presented in its May 25, 2022 motion. (Doc 20-21.)

        Despite this shortcoming in its response, the Court granted Yakult's request for an inquest and set it for July 14, 2022 at 10:30 am. At the inquest, Yakult witnesses will not be cross-examined by anyone.[1] Either Yakult has or does not have evidence sufficient to enable the Court to determine under controlling precedent its claim for (1) the profits of the defaulting party and (2)

---

[1] There will not be much of a speaking part for Yakult's witnesses at the inquest. They will affirm their direct testimony by affidavit. Yakult is welcome to bring a Japanese interpreter. Argument already has been submitted by counsel its brief (Doc 21).

damage to it. Yakult has not shown that witness credibility plays an important role in the inquest. Certainly, on its claim for attorneys' fees and costs, no inquest is required or will be permitted.

Now, Yakut asks to conduct the inquest remotely or to adjourn it to a date after August 15, 2022. Either is acceptable to the Court. Mr. Fox is welcome to contact this Court's audio-visual department if he wishes to conduct a remote hearing on July 14.[2] The undersigned will be in Courtroom 11D for the hearing.

SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
July 6, 2022

---

[2] Throughout the pandemic, remote hearings in civil cases in this District have been rare. Civil jury trials were suspended on March 16, 2020 and resumed September 29, 2020.